# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD C. GREYENSTUK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:11-CV-344 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Donald C. Greyenstuk, a *pro se* prisoner, on August 29, 2011. For the reasons set forth below, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4.

BACKGROUND

Donald C. Greyenstuk, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary proceeding held on January 19, 2010, by the Prison Disciplinary Body (DHB) at the Indiana State Prison in case ISP 11-01-0032. At that hearing, he was found guilty of Tampering with a Locking Device in violation of B-226 and sanctioned with the loss of 15 days earned credit time and ordered to pay restitution in the amount of $796.25. Greyenstuck raised two grounds to challenge the finding of guilt.

DISCUSSION

Greyenstuck argues that there was insufficient evidence to find him guilty. He argues that the evidence against him was not overwhelming and that there was evidence that could have supported a not guilty finding. He also argues that other inmates had the opportunity to have placed the 20 pieces of metal inside the lock on his cell.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Conduct Report states,

When I checked B313 the electric lock was stuck in the open position. When I took the lock apart I found over 20 pieces of cut up can inside the lock. The metal from the

> can caused the electronic lock to short out making the cell unusable until a new lock is ordered. Offender Greyenstuk #194695 was housed in cell B313 from 8-25-10 until 11-27-10 when the lock was reported broke.

ECF 1-1 at 2. This is some evidence that Greyenstuk tampered with his lock. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Though Greyenstuk argues that other inmates might have been able to have placed the metal pieces inside the lock after he was moved, it was not unreasonable for the DHB to have found that Greyenstuk was more likely to have tampered with a lock on the cell he was occupying then for other inmates to have tampered with the lock on an empty cell.

In addition, Greyenstuk argues that the conduct report was written too long after the incident occurred and that the DHB only had two members. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Though Greyenstuk argues that prison policy requires that conduct reports be written within 24 hours of the incident, there is no federal right to have charges brought so quickly. Neither is there a federal requirement for a three member board. Though *Wolff v. McDonnell*, 418 U.S. 539, 550 (1974), requires an impartial decision maker, it does not define how many factfinders are required.

CONCLUSION

For the reasons set forth above, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4.

**DATED: August 31, 2011**          /s/RUDY LOZANO, Judge
                                    **United States District Court**